## FRANK SMITH v. STATE.

No. A-10930. Feb. 2, 1949.

(202 P. 2d 709.)

Welch, Bounds & Kile, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and Ralph K. Jenner, County Atty. Choctaw County, of Hugo, for defendant in error.

BAREFOOT, J.   Frank Smith was charged in the county court of Choctaw County with the offense of pointing a gun; was tried, convicted and sentenced to serve 120 days in the county jail, and to pay a fine of $100, and has appealed.

For reversal of this case, defendants sets out two errors:

"(1) The evidence is not sufficient to support the verdict of the jury.

"(2) The information charges two offenses."

Defendant was charged with a violation of Tit. 21 O.S. 1941 § 1279, which provides:

"It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons either in anger or otherwise."

The conclusion at which we have arrived necessitates that we consider only the first proposition, namely, that the evidence is not sufficient to support the verdict of the jury.

The Attorney General in his brief says:

"The above proposition of defendant, in our opinion, presents the most serious attack on the correctness of the verdict and judgment involved here."

We have carefully examined the briefs and the record in this case, and find that not a single witness testified that the defendant pointed a gun which he had in his hands at any one of the parties as alleged in the information.

It is charged that the defendant pointed a shotgun at Jimmie Boone, Aubrey Davis and Fred Johnson. All of the parties involved in this case are Negroes, and the trouble grew out of a dice game at "The Chicken Shack", in Hugo, on the night of May 29, 1947. Spurgeon Lee signed the information, and was the prosecuting witness. Jimmy Boone was the only one of the three men at whom defendant was charged with pointing the gun who testified.

The evidence disclosed that Spurgeon Lee and the defendant had an argument over the dice game. Jimmie Boone, A. B. Lennox and John Field took the defend-

ant to Jimmie Boone's home. These three witnesses all testified that the defendant got out of the car and went in the Boone home and came out with a 12-gauge shotgun, got in the Lennox automobile and wanted to go back to town.

It is evidently the contention of the state that defendant pointed the gun at the parties named at the time he came out of Boone's house with the gun in his hand. Lee was not present at that time.

Boone testified that when defendant came out of the house "He was carrying the gun just like a man would going hunting, carrying it down in front of him"; and that the defendant "just got in the car with the gun, and sat down." This witness did not testify that the defendant ever pointed the gun at him, or at any one else.

A. B. Lennox testified positively that the defendant did not point the gun at any of them. He testified:

"Q. Where did you first see him, with the shotgun? A. Sitting in my car * * *. Q. Did Jimmie Boone try to get him to leave the gun at home? A. He told him 'you ought to leave it,' and he said 'No, I ain't going to do nothing with the gun.'"

John Field testified that he was present when defendant came out of the house with the gun. In answer to the question: "How was he carrying the gun when he came out?" this witness answered: "Had it in his hand. He got in the car and sat the gun down between him and the door and said 'I am going back to town.'" He did not testify that defendant pointed the gun at anyone, or made any threats about what he intended to do, other than: "He said he was going back to town. He

said, 'I know what I will do, I will go in there and get that shotgun and go back to town.' "

As stated in the state's brief, it is a well established rule of this court that where there is any competent evidence which reasonably sustains the verdict and judgment, a conviction will not be reversed, although the evidence may be conflicting, or different inferences may be drawn therefrom. The evidence in this case is not conflicting, but not one witness testified that the defendant ever pointed a gun at anyone. From the questions asked the witnesses by the county attorney, it appears that this is a case where the state's witnesses refused to testify as they had indicated they would prior to the trial.

From the above statement, it is unnecessary to discuss the second proposition presented by defendant.

The judgment of the county court of Choctaw county is reversed, and the defendant ordered discharged.

JONES, P. J., and BRETT, J., concur.